IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
RICO C. ALTARES                     )
                                    )
              Plaintiff,            )
                                    )
                                    )  Case No. CIV-20-320-JFH-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
              Defendant.            )
```

## REPORT AND RECOMMENDATION

Plaintiff Rico Altares (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined he was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be AFFIRMED.

### Claimant's Background

The Claimant was 45 years old at the time of the ALJ's decision. He has completed two years of college and has worked in the past as an auto body repairer; and a furniture assembler and installer. The Claimant alleges his inability to work began on December 24, 2016. He initially claimed that this inability stemmed from issues with his back, shoulder, and elbow.

1

**Procedural History**

On December 18, 2018, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. The Claimant's application was initially denied and was denied upon reconsideration. The Claimant filed a request for a hearing, which was held on January 22, 2020, in Tulsa, Oklahoma, in front of ALJ Lantz McClain. ALJ McClain entered an unfavorable decision on February 20, 2020. The Claimant requested a review by the Appeals Council and submitted extra evidence for it to consider. On July 20, 2020, the Council declined to consider the extra evidence and denied the request for review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the

that the Claimant had the following severe impairments: degenerative disc disease of lumbar spine; hypertension; osteoarthritis of right shoulder; status post left elbow surgery; thyroid cancer status/post left thyroidectomy and right thyroidectomy, with post-surgical ablation. (Tr. 43). Between steps three and four, the ALJ determined the Claimant had the following residual functional capacity ("RFC"):

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with additional limitations. He is able to occasionally lift and/or carry twenty pounds and able to frequently ten pounds. He can stand and/or walk at least 6 hours in an eight-hour workday, sit at least six hours in an eight-hour workday. He should never climb such ladders, ropes, or scaffolds and should only occasionally climb such things as stairs or ramps. He is able to occasionally balance, stoop, kneel, crouch or crawl and he should avoid all work above the shoulder level

(Tr. 44). The ALJ then determined at step four that the Claimant could not return to his past relevant work. (Tr. 51). During the hearing, the ALJ asked the vocational expert ("VE") if jobs existed in the national economy which the Claimant could perform based on the determined RFC. (Tr. 51-2; 106-07). The VE determined that the Claimant could perform work as an office helper and a mail clerk. (Tr. 52; 106-07). The ALJ found this testimony to be consistent

---

residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

with the Dictionary of Occupational Titles and thus concluded that there were jobs available in the national economy which the Claimant could perform. (Tr. 52). Therefore, the Claimant was not disabled. (Tr. 52).

## Errors Alleged for Review

The Claimant asserts that the ALJ erred in three ways. First, the RFC is faulty because the ALJ failed to apply the proper legal standards and failed to consider all the Claimant's limitations. Second, the Appeals Council failed to consider new and material evidence. Finally, the ALJ did not properly consider the Claimant's complaints regarding his pain.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was

4

supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## RFC Determination

The Claimant asserts that the ALJ made multiple mistakes when formulating the RFC. He claims these mistakes ultimately resulted in a faulty RFC and a step five finding which was not supported by the required substantial evidence. While the Claimant asserts that the ALJ erred in multiple ways, it seems his main contention is

5

that the ALJ did not properly consider the medical opinion of Dr. James Rodgers, M.D., which led him not to include limitations based on the Claimant's apparent need for surgery in the RFC. For the reasons discussed below, the undersigned Magistrate Judge finds these arguments unpersuasive.

The Claimant asserts that the ALJ did not properly consider Dr. Rodger's opinion and that as the Claimant's treating physician his opinion should be afforded more weight. The Defendant correctly points out that under the new regulations[2] the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1) supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ

---

[2] The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c.

must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

The Claimant also claims that the ALJ should have explained how he considered all factors, including the doctor's "relationship with the claimant" and "specialization". But an ALJ need only specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability").

If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Dr. Rodgers examined Claimant in August of 2017 and in December of 2017.[3] The ALJ explained that he found the August examination persuasive because it was consistent with Claimant's own statements that he was "on restrictions of not to lift, push, or pull over 20 pounds" and was "able to work now, just with restrictions." (Tr. 49). The ALJ explained that this weight restriction was consistent with other physicians' opinions and with the medical evidence of the record. (Tr. 49). The ALJ also explained why Dr. Rodger's later opinion regarding the back surgery was not persuasive because it conflicted with Dr. Rodger's previous examination and his later prescription of more physical therapy. (Tr. 50; 359-60). These explanations specifically address the supportability and consistency factors, as required by the medical opinion regulations.

The Claimant seems to imply that because symptoms "wax and wane over the course of treatment" that this Court should give greater weight to Dr. Rodger's later notes. This argument is

---

[3] The ALJ wrote that this exam was completed in July of 2017, but the handwritten dates and transmittal date indicate that the visit occurred on either the 24th or 25th of August 2017. (Tr. 560-64). The Claimant attempts to discredit the ALJ's reliance on these notes by saying they are undated, but that is untrue. While it is difficult to read the exact date, the month and year are clear. (Tr. 560-64).

nothing more than an attempt to ask this Court to reweigh the evidence, which it cannot do. As discussed above, the ALJ adequately explained his decision as to Mr. Rodger's second opinion and it is supported by substantial evidence in the record. Therefore, no error occurred as to the medical opinions.

Since the ALJ properly found that Dr. Rodger's opinion was unpersuasive, the Claimant's arguments regarding the failure to include certain physical limitations also must fail. It is undisputed that the ALJ must consider the combined effect of all impairments when determining the Claimant's RFC. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006); *Wells v. Colvin*, 727 F.3d 1061,1071 (10th Cir. 2013). The Tenth Circuit has held that it is the general practice to take "a lower tribunal at its word" when it states that it has considered all impairments. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

The Claimant argues that even though the ALJ acknowledged the Claimant's degenerative disc disease and shoulder tears, he failed to account for them in the RFC. This is untrue. The ALJ begins his RFC discussion with a thorough summary of the Claimant's testimony. (Tr. 45). Throughout the six-page discussion of the RFC determination, the ALJ cites multiple medical records and discusses the medical opinion evidence which supports his RFC determination. (Tr. 44-50). This discussion shows the ALJ's

thought process and considerations which supported his RFC determination.

The ALJ also considered the Claimant's shoulder pain. In his RFC determination he added an additional limitation which limited the Claimant from performing work above shoulder level. (Tr. 44, 50). He explained that this additional limitation was based on his shoulder issues, an issue which at the time had not been present for more than twelve months. (Tr. 50). The ALJ also did not err when he did not include mental limitations in the RFC. At step two, the ALJ found that the Claimant's depression was not a medically determinable impairment as there was not evidence in the record to support it. (Tr. 44, 50). Therefore, the ALJ did not need to consider it in his RFC determination. *Wells v. Colvin*, 727 F.3d 1061, 1068-69 (10th Cir.2013)("[The ALJ] must consider the combined effects of all ***medically determinable impairments***, whether severe or not." (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2))(emphasis added).

The ALJ's discussion shows he applied the correct legal standards and therefore, his RFC is based on substantial evidence. Any remaining arguments simply ask this Court to reweigh evidence, which it cannot do.

### New Evidence

The Claimant submitted additional medical records to the Appeals Council after the ALJ issued his decision. (Tr. 1-2). He

10

now contends that the Appeals Council erred by failing to consider said evidence. For the reasons below, the undersigned finds this was not error.

The additional evidence consisted of 15 pages of medical records from Dr. Christopher Martin, M.D., spanning the period of December 19, 2019, to February 17, 2020; medical records from Dr. Adel Malati, M.D., spanning the period of December 3, 2019, to February 3, 2020; a patient itinerary from St. Francis; an MRI of the lumbar spine; and records from the Claimant's occupational therapy sessions. The Appeals Council found the evidence from Dr. Martin and Dr. Malati did not "show a reasonable probability that it would change the outcome of the decision." (Tr. 2). The Council found the remaining evidence did not relate to the relevant time period, as the ALJ determined that the Claimant was disabled through February 20, 2020, and these records were from after that time. (Tr. 2). Thus, the Appeals Council found the Claimant's additional evidence did not qualify for consideration, and therefore did not consider it. *See Padilla v. Colvin*, 525 Fed. Appx. 710, 713 (10th Cir. 2013) (unpublished) ("[T]he Appeals Council's dismissal of the additional evidence's import on [one of] the grounds [listed in 20 C.F.R. §§ 404.970, 416.1470] indicates that it ultimately found the evidence did not qualify for consideration at all."). *See also Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006) (finding that the Appeals Council

implicitly determined newly submitted evidence qualified for consideration by making it part of the record).

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart,* 353 F.3d 1185, 1191 (10th Cir. 2003). The Appeals Council must consider additional evidence if "it is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). If the Appeals Council fails to consider qualifying additional evidence, "the case should be remanded for further proceedings." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004). However, if the additional evidence does not qualify for Appeals Council consideration, "it plays no further role in judicial review of the Commissioner's decision." *Id*. In addition, the claimant must show "good cause" for not submitting the additional evidence for the ALJ's consideration. 20 C.F.R. §§ 404.970(b), 416.1470(b).

Evidence is new if it "is not duplicative or cumulative." *Threet*, 353 F.3d at 1191, *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). While the evidence submitted to the Appeals Council might be new in the fact that it does not appear anywhere else in the record, it is duplicative in some ways. The evidence merely restates the limitations and

findings which were presented in previous medical records. (Tr. 9-17; 21-37). No doctor opined that the Claimant needed additional limitations and the MRI's did not have any new findings. (Tr. 9-17; 21-37).

Evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191.[4] The evidence must "reasonably [call] into question the disposition of the case." *Id*. *See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) (unpublished table opinion). The additional records do not show a possibility of changing the outcome. The records show that the Claimant did go on to have shoulder surgery, which was known at the time of the decision. (Tr. 14; 45). The postoperative notes also indicate he was doing well. (Tr. 45). Further, when Claimant saw Dr. Christopher Martin to discuss the results on March 18, 2020, Dr. Martin did not indicate major changes in the spine and only prescribed injections. (Tr. 17). These records also do not suggest

---

[4] The Tenth Circuit has not revisited its definition of materiality as involving a "reasonable *possibility*" after the 2017 amendments added the phrase "reasonable *probability*" to the relevant regulations. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The District of New Mexico, however, has interpreted the new requirement as a "heightened materiality standard." *See Copelin v. Saul*, 2019 WL 4739536, at *7 (D.N.M. September 27, 2019), *citing Bisbee v. Berryhill*, 2019 WL 1129459, at *3n.5 (D.N.M. March 12, 2019) ("The requirement that a claimant show a reasonable *probability* that the additional evidence would change the outcome of the decision is read as a heightened materiality standard."). The parties in this case do not contend that the outcome depends on which standard is applied and, in any event, the undersigned Magistrate Judge concludes that the evidence would not meet either standard.

any additional limitations for the Claimant, nor do they bring new diagnoses to light.

Evidence is chronologically relevant if it relates to "the period on or before the date of the [ALJ's] hearing decision." *Chambers*, 389 F.3d at 1143 (internal quotation omitted). As the Appeals Council noted, the ALJ decided the Claimant's case through February 20, 2020, and the additional evidence from after this time is not related to the period at issue. (Tr. 2).

In a final attempt to argue the validity of the ALJ's decision, the Claimant contends that he failed to properly assess the consistency of his complaints with the evidence in the record. Deference must be given to an ALJ's evaluation of Claimant's complaints or symptoms unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). However, an ALJ is not required to conduct a "formalistic factor-by-factor

14

recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of the Claimant's complaints and other symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 416.929. (Tr. 44). While he determined that the Claimant's impairments could cause the claimed symptoms, he did find that the statements regarding the "intensity, persistence and limiting effects of the symptoms" were not entirely consistent with the record. (Tr. 45). This determination was supported by his in-depth discussion of the medical record, as addressed above. The Court finds no error with the ALJ's assessment of the Claimant's asserted symptoms and complaints. He explained his reasoning and provided ample support for it from the medical record.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections,

with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 23rd day of September, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE