**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**RICO C. ALTARES,**

**Plaintiff,**

**v.**

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**

**Defendant.**

**Case No. 20-CV-320-JFH-DES**

## OPINION AND ORDER

Before the Court is Plaintiff Rico C. Altares's ("Plaintiff") Complaint for Judicial Review of Administrative Decision. Dkt. No. 2. On September 23, 2022, Magistrate Judge Kimberly West issued a report and recommendation ("R&R") finding that the final decision of the Commissioner of the Social Security Administration should be affirmed. Dkt. No. 21. For the reasons stated, the Court ACCEPTS the R&R.

## BACKGROUND

Plaintiff commenced this action following an unfavorable decision by an Administrative Law Judge ("ALJ") rendered February 20, 2020. Dkt. No. 2. The decision stemmed from Plaintiff's application to the Social Security Administration for disability benefits due to injuries to his back, shoulder, and elbow. Dkt. No. 21. In short, the ALJ determined that Plaintiff was not disabled as that term is defined in the Social Security Act.[1] Dkt. No. 12-2 ("Admin. Tr.") at 52.

The ALJ reached this conclusion through a "five-step sequential evaluation process."[2] As part of the process, the ALJ determined that Plaintiff had the following severe impairments:

[1] *See* 42 U.S.C. § 423(d)

[2] *See* 20 C.F.R. § 404.1520(a)(4)

"degenerative disc disease of the lumbar spine; hypertension; osteoarthritis of the right shoulder; status/post left elbow surgery; thyroid cancer status/post left thyroidectomy any right thyroidectomy, with post-surgical ablation." Admin. Tr. at 43. The ALJ found that these "medically determinable impairments significantly limit [Plaintiff's] ability to perform basic work activities," thus preventing Plaintiff from returning to his previous employment *Id*. However, "[a]fter careful consideration of the record," the ALJ also found that Plaintiff retained "the residual function capacity to perform light work as defined in 20 C.F.R. 404.1567(b)." *Id*. at 44. The ALJ concluded that "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy" that Plaintiff was still capable of performing.[3] *Id*. at 51.

Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council ("Appeals Council"), which denied Plaintiff's request for review, thus rendering the ALJ's decision final.[4] Admin. Tr. at 1-4. In his appeal, Plaintiff supplied the Appeals Council with forty-five (45) pages of additional evidence for his claimed disability. *Id*. at 3. The Appeals Council determined that some of the evidence did not pertain to the period of Plaintiff's claimed disability and that the remainder "would not change the outcome of the decision." *Id*.

The R&R found no error in the ALJ or the Appeals Council. Dkt. No. 21. Plaintiff now asks this Court to depart from the R&R and reverse the Social Security Administration's final decision. Plaintiff specifically objects that the R&R (and the ALJ and Appeals Council) applied

---

[3] The ALJ's decision was informed in part by testimony from a vocational expert that Plaintiff could perform work as an "office helper" or "mail clerk," which the ALJ deemed "consistent with the information contained in the Dictionary of Occupational Titles." Admin. Tr. at 52.

[4] *See* 20 C.F.R. § 404.981

the incorrect legal standard and misapprehended additional evidence presented to the Appeals Council. Dkt. No. 22.

## STANDARD OF REVIEW

When a party objects to an R&R, the Court is statutorily required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## AUTHORITY AND ANALYSIS

Plaintiff claims for a variety of reasons that the R&R applied the wrong legal standard.[5] Dkt. No. 22 at 2 (arguing "the Magistrate cites to the incorrect legal standard when determining whether the Commissioner's decision was free from legal error and supported by the requisite substantial evidence when she considered the new evidence in the record.").

Plaintiff first faults the R&R for requiring a social security claimant to show "good cause" as to why additional evidence presented to the Appeals Council was not submitted earlier for the ALJ's consideration. *Id*. ("no good cause requirement exists under the current statutes . . . ."). Plaintiff's position is puzzling, as the regulations governing cases the Appeals Council will review clearly provide that the council "will only consider additional evidence under paragraph (a)(5) of this section if you show *good cause* for not informing us about or submitting the evidence . . . ."

[5] In his Objection to the R&R [Dkt. No. 22], Plaintiff addresses only the propriety of the Appeals Council's refusal to accept Plaintiff's new evidence. Therefore, the Court's decision here concerns only that topic. 28. U.S.C. § 636(b)(1).

20 C.R.F. § 404.970(b) (emphasis added). But more importantly, the R&R did not rely in any meaningful way on this "good cause" point in reaching its conclusion.

The standard Plaintiff refers to with respect to the receipt of additional evidence is as follows: the Appeals Council will accept and consider "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and [if] there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5) (emphasis added). The Appeals Council will not accept new evidence under the applicable regulation if any one of the above requirements is not established. *Id*. "Evidence is 'new' if it did not exist before the ALJ's decision and it is not merely cumulative of evidence already in the record." *Rivera v. Commissioner of Social Security*, 368 F. Supp.3d 626, 649 (S.D.N.Y. March 15, 2019) (internal citations omitted). Evidence is 'material' where it relates to the period on or before the date of the ALJ hearing decision, is probative, and there is a reasonable possibility that it would have influenced the ALJ's decision." *Id*.[6]

Plaintiff notes correctly that the Tenth Circuit is yet to expound on the meaning of "reasonable probability," and asserts "other courts have determined it to require the new evidence demonstrate additional functional limitations than what was previously determined." Dkt. No. 22 at 2.[7] Plaintiff urges adoption of this interpretation and proceeds to argue that "the new evidence

---

[6] *See also Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) (citing *Wilkins v. Sec'y of Dep't of Health & Human Servs*., 953 F.2d 93, 96 (4th Cir. 1991)).

[7] Although Plaintiff is correct that the Tenth Circuit has not addressed the definition of "reasonable probability" since the 2017 amendments to the applicable regulations, the United States District Court for the District of New Mexico has. *See Copelin v. Saul*, 2019 WL 4739536, at *7 (D.N.M. September 29, 2019) ("The requirement that a claimant show a reasonable *probability* that the additional evidence would change the outcome of the decision is read as a heightened materiality standard.") (emphasis in original); *see also Bisbee v. Berryhill*. 2019 WL 1129459, at *3, n. 5 (noting that new regulation "heightens the claimant's burden to prove materiality: whereas the

showed worsening MRI findings" and "demonstrated new compression of the nerve root," among other things. *Id*. at 2-3. Even were the Court to adopt Plaintiff's interpretation of "reasonable probability," which it declines to do here, the Court finds Plaintiff's arguments fail for the reasons explained below.

Plaintiff is essentially asking this Court to reweigh the evidence, which the Court cannot do. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991) ("we neither reweigh the evidence nor substitute our judgment for that of the agency."). Rather, the decisions of the ALJ and the Appeals Council will stand if made under the proper legal standard, identified above, and supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrus*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Here, the additional evidence consisted in part of "a two-page St. Francis Patient Itinerary from March 11, 2020 to April 15, 2020; eight pages of evidence from Occupational Therapy Physical Medicine from February 27, 2020 to March 24, 2020; and two pages of evidence from Envision Imaging from February 27, 2020." Admin. Tr. at 2. The relevant timeframe for the ALJ's determination of no disability was from December 24, 2016, to the date of the ALJ's decision—February 20, 2020. As these records pertained to treatment after the ALJ issued the subject decision, the Appeals Council's decision not to consider them was based on substantial

---

previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome.") (emphasis in original)

evidence.[8]  Moreover, Plaintiff was advised, consistent with the applicable regulations, that he has the right to file a new application for consideration as to whether he was disabled post-ALJ decision.  *Id*.

The remainder of the additional material Plaintiff submitted consisted of fifteen (15) pages of medical records from Dr. Christopher R. Martin, M.D., and twenty-six pages of medical records from Dr. Adal R. Malati, M.D., both of which were dated during the relevant timeframe.  *Id*.  The Appeals Council determined that this material did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision."  *Id*.  This rationale for the Appeals Council's refusal to accept Plaintiff's new evidence is explicitly enumerated in the application regulation.  *See* 20 C.F.R. § 404.970(a)(5).  Moreover, "[t]he Appeals Council is not obliged to supply reasons for refusing to grant review under § 404.970, even if a claimant has submitted new evidence."  *Davis v. Barnhart*, 392 F. Supp.2d 747, 751 (W.D. Va. October 6, 2005); *see also Freeman v. Halter*, 15 Fed. Appx. 87, 89 (4th Cir. 2001) (noting "the regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding additional evidence insufficient to the ALJ's decision.").

The Court finds that the Appeals Council's decision regarding Plaintiff's new evidence—both that within and outside of the relevant timeframe—was made under the proper legal standard and based on substantial evidence.  As the R&R explained, "[t]he Appeals Council must consider additional evidence if 'it is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change

---

[8] *See* 20 C.F.R. § 404.970(c) ("If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section . . . the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application.").

the outcome of the decision.'" Dkt. No. 21 at 12. The R&R concluded, and the Court agrees, that the "decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied." *Id*. at 15.

Lastly, Plaintiff argues that this Court has "an alternative interpretation" at its disposal for finding that the Appeals Council improperly failed to consider Plaintiff's new evidence. Dkt. No. 22 at 8. Essentially, Plaintiff argues that since the evidence the Appeals Council rejected nevertheless made it into the administrative record, the agency (and this Court) must consider it on review. *Id*. at 9 ("when the agency incorporates new evidence into the administrative record, even if the [Appeals Council] determines the evidence is not new, material, or chronologically relevant, the new evidence is nonetheless affirmatively entered into the record by the agency and *must* be considered in with the whole of the record on review." *Id*. at 8 (emphasis in original) (citing *Brewes v. Comm'r of Soc. Sec. Admin*., 682 F.3d 1157, 1160 (9th Cir. 2012); *see also Martinez v. Barnhart*, 444 F.3d 1201, 1207-08) (10th Cir. 2006)).

The Court is unclear whether this avenue was ever available to a plaintiff situated similarly to the Plaintiff here, but it certainly is not now. *See Sewell v. Commissioner, SSA*, 2021 WL 3871888 (10th Cir. Aug. 31, 2021) (noting the regulation on which that novel analysis relied had been updated and, "[t]hus, new evidence submitted to the Appeals Council is no longer automatically included in the substantial evidence analysis.").

THEREFORE, the Court ADOPTS Magistrate Judge West's Report and Recommendation [Dkt. No. 21] and OVERRULES Plaintiff's Objection to the same [Dkt. No. 22].

IT IS THEREFORE ORDERED that Plaintiff's Complaint for Judicial Review of Administrative Decision [Dkt. No. 2] is DISMISSED WITH PREJUDICE.

Dated this 8th day of November 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE